UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
IN RE HURRICANE SANDY CASES                    14 MC 41
----------------------------------X
OCEANA CONDOMINIUM NO. FOUR and                **COMPLAINT**
OCEANA CONDOMINIUM NO. EIGHT,

               Plaintiffs,        Docket No.: 14-cv-3041

        -against-

WILLIAM CRAIG FUGATE, IN HIS OFFICIAL   **JURY DEMAND REQUESTED**
CAPACITY AS ADMINISTRATOR OF THE      **EXCEPT AS TO FEMA**
FEDERAL EMERGENCY MANAGEMENT
AGENCY, COOPER SQUARE REALTY, INC.,
TM ROSS INSURANCE BROKERAGE, LLC,
TODD M. ROSS, FS INSURANCE BROKERS
OF NEW YORK, LLC, FS INSURANCE
BROKERS, INC., FS INSURANCE BROKERS
OF NEW YORK, LLC d/b/a FS INSURANCE
BROKERS OF NY, LLC, FS INSURANCE
BROKERS, INC. d/b/a FS INSURANCE
BROKERS OF NY, LLC, FS INSURANCE
BROKERS, LLC, FS INSURANCE
BROKERS, LLC d/b/a FS INSURANCE
BROKERS OF NY, LLC and ARTHUR J.
GALLAGHER RISK MANAGEMENT SERVICES,
INC.,

               Defendants.
----------------------------------X

      Plaintiffs, OCEANA CONDOMINIUM NO. FOUR ("CONDO 4") and

OCEANA CONDOMINIUM NO. EIGHT ("CONDO 8"), respectfully bring

this Complaint against Defendants WILLIAM CRAIG FUGATE, IN HIS

OFFICIAL CAPACITY AS ADMINISTRATOR OF THE FEDERAL EMERGENCY

MANAGEMENT AGENCY ("FEMA"), COOPER SQUARE REALTY, INC. ("CSR"),

TM ROSS INSURANCE BROKERAGE, LLC ("TMR"), TODD M. ROSS ("TODD"),

FS INSURANCE BROKERS OF NEW YORK, LLC ("FSNEWYORK"), FS

INSURANCE BROKERS, INC. ("FSINC"), FS INSURANCE BROKERS OF NEW

1

YORK, LLC d/b/a FS INSURANCE BROKERS OF NY, LLC ("FSNY"), FS
INSURANCE BROKERS, INC. d/b/a FS INSURANCE BROKERS OF NY, LLC
("FSINCNY"), FS INSURANCE BROKERS, LLC ("FSLLC"), FS INSURANCE
BROKERS, LLC d/b/a FS INSURANCE BROKERS OF NY, LLC ("FSLLCNY")
and ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC.
("GALLAGHER").  Plaintiffs allege as follows:

### PRELIMINARY STATEMENT

1.    Plaintiffs are a group of luxury Condominiums located
on the waterfront in Brooklyn.  CONDO 4 consists of an apartment
building condominium known by its United States postal address
of 40 Oceana Drive W., Brooklyn, New York 11235.  CONDO 8
consists of two buildings known by their United States postal
addresses of 155 Oceana Drive E. and 105 Oceana Drive E.,
Brooklyn, New York 11235.  Plaintiffs' properties were damaged
by the Meteorological Event known as Hurricane Sandy.  Although
the waterfront properties were supposed to have adequate flood
insurance under the National Flood Insurance Program, ("NFIP"),
Plaintiffs learned after the storm that Defendants, TMR, TODD,
FSNEWYORK, FSINC, FSNY, FSINCNY, FSLLC, FSLLCNY and GALLAGHER
failed in their duties to Plaintiffs by obtaining insufficient
coverage which resulted in significant co-insurance penalties.
As a result, there has been inadequate insurance reimbursement
to cover repair, replacement and/or restoration costs.
Plaintiffs also bring this action for FEMA's failure to make

2

sufficient payment for the covered flood losses and damages that Plaintiffs sustained from the Meteorological Event known as Hurricane Sandy.

**PARTIES**

2.    CONDO 4 is a condominium existing under and by virtue of the laws of the State of New York and located in the State of New York, County of Kings, and has been at all times material to this Complaint.

3.    CONDO 8 is a condominium existing under and by virtue of the laws of the State of New York and located in the State of New York, County of Kings, and has been at all times material to this Complaint.

3.    Upon information and belief, Defendant FUGATE, Administrator/Director of FEMA, is a citizen of the United States, and a resident at the U.S. Department of Homeland Security, 500 C Street SW Washington, D.C. 20472.

4. Defendant CSR is a domestic corporation authorized to conduct business within the State of New York, and has been at all times material to this Complaint.

5. Defendant TMR is a domestic limited liability corporation authorized to conduct business within the State of New York and licensed by the State of New York to act as an insurance broker and has been so licensed at all times material to this Complaint.

3

6.    Defendant TODD is an individual residing in the State of New York over the age of eighteen (18) years old and was licensed by the State of New York to act as an insurance broker and has been so licensed at all times material to this Complaint.

7. Defendant FSNEWYORK is a domestic limited liability corporation authorized to conduct business within the State of New York and licensed by the State of New York to act as an insurance broker and has been so licensed at all times material to this Complaint.

8. Defendant FSINC is a foreign corporation organized in New Jersey, authorized to conduct business within the State of New York and licensed by the State of New York to act as an insurance broker and has been so licensed at all times material to this Complaint.

9. Defendant FSNY is a domestic limited liability corporation authorized to conduct business within the State of New York and licensed by the State of New York to act as an insurance broker and has been so licensed at all times material to this Complaint.

10. Defendant FSINCNY is a foreign corporation organized in New Jersey authorized to conduct business within the State of New York and licensed by the State of New York to act as an insurance broker and has been so licensed at all times material to this Complaint.

11. Defendant FSLLC is a domestic limited liability corporation authorized to conduct business within the State of New York and licensed by the State of New York to act as an insurance broker and has been so licensed at all times material to this Complaint.

12. Defendant FSLLCNY is a domestic limited liability corporation authorized to conduct business within the State of New York and licensed by the State of New York to act as an insurance broker and has been so licensed at all times material to this Complaint.

13. Upon information and belief, Defendant GALLAGHER is a foreign corporation organized in Illinois, authorized to conduct business within the State of New York and licensed by the State of New York to act as an insurance broker and has been so licensed at all times material to this Complaint.

## JURISDICTION AND VENUE

14. This action arises under the National Flood Insurance Act of 1968, as amended, 42 U.S.C. §§ 4001 et seq. (the "NFIA"). Accordingly, jurisdiction is proper under 42 U.S.C. § 4072, which requires the application of federal law pursuant to 28 U.S.C. § 1331.

15. The insured properties are situated in Kings County in the Eastern District of New York. Accordingly, venue is proper in this Court under 42 U.S.C. § 4072 and the SFIP, 44 C.F.R. Pt. 61, App. A(1), art. VII(R).

16.   This Court has jurisdiction of the within State Law Defendants and claims by virtue of the supplemental jurisdiction provision contained within 28 U.S.C.A. 1367(a) in that the State Law Defendants and claims are so related to the claims where this Court has original jurisdiction, to wit: the FEMA claims, that they form part of the same case or controversy under Article III of the United States Constitution.

17.   This is an action for declaratory judgment as to all parties pursuant to 28 U.S.C.A. §2201, §2202, and FRCP Rule 57, for the purpose of immediately determining a question of actual controversy between the parties as more fully appears below.

18.   This is also an action for breach of contract against FEMA pursuant to provisions of the subject insurance policy issued by FEMA § VIII(R) and for breach of contract and negligence against the State Law Defendants.

19.   Venue properly lies in this District pursuant to 28 U.S.C. §1391(b)(1) and (2) and (e)(1)(B) in that the property that is the subject of this lawsuit is located in this District.

## FACTUAL ALLEGATIONS

## Oceana Condominium No. 4

20. CONDO 4 consists of an apartment building condominium located or known by its United States Postal address as 40 Oceana Drive W. in Brooklyn, NY 11235, consisting of 75 units.

21. Upon information and belief, Defendant FUGATE, Administrator/Director of the Federal Emergency Management Agency, an Agency of the United States Government, was and is a citizen of the United States and the director of an agency or instrumentality of the United States Government.

22. Heretofore, FEMA duly issued a Standard Flood Insurance Policy ("SFIP") to CONDO 4 bearing number 31 4400117741 02 wherein and whereby it did insure the premises and the contents covering the property located at 40 Oceana Drive W., Brooklyn, New York 11235 for the period starting on April 21, 2012 and ending April 21, 2013.

23. On or about October 29, 2012, the Meteorological Event known as Hurricane Sandy directly caused the inundation of the insured property and the surrounding area, causing flood-waters to enter the building on the insured property. As a direct and proximate result of this flooding, CONDO 4 suffered direct physical losses to the building on the insured property.

24. FEMA issued a SFIP to CONDO 4 for a one-year period in exchange for good and valuable consideration. FEMA agreed, among other things, to pay CONDO 4 for direct physical loss to the insured property caused by or from a "flood" as defined in the policy.

26. The policy was in full force and effect at the time of the Meteorological Event known as Hurricane Sandy. The policy period, as reflected in CONDO 4's "Flood Dwelling Policy

Declaration - Renewal," was April 21, 2012 through April 21, 2013 (the "Declarations").  A true and correct copy of the Declarations, as provided by FEMA, is annexed hereto as Exhibit "1".

26.  In lieu of attaching the policy as part of this Complaint, CONDO 4 incorporates the SFIP by reference, as set forth in 44 C.F.R. Pt. 61, App. A(1).  This is the policy that FEMA issued to CONDO 4 for the policy period referenced above.

27.  Among other things, the SFIP issued to CONDO 4 covered flood losses and damage including coverage for "building property," including CONDO 4's building and any other eligible structures and property as described under Coverage A.

28.  CONDO 4's flood insurance coverage in force and effect during the Meteorological Event known as Sandy, as reflected in the Declarations, was $1,100,000 for the building and $100,000 for contents. (See Exhibit "1").

29.  At all times herein mentioned, CONDO 4 possessed an insurable interest with respect to the insured property.

30.  CONDO 4 has performed all conditions precedent for the coverages, payments, and benefits afforded by the policy.

31.  CONDO 4 has submitted to FEMA signed and sworn statement in Proof of Loss with supporting documentation, meeting the requirements of the SFIP.

32.  FEMA has paid no part of CONDO 4's damages, which leaves the sum of at least $15,000.00 in dispute.

8

33.  No part of said sum has been paid, although duly demanded.

**Oceana Condominium No. 8**

34. CONDO 8 consists of two apartment building condominiums located or known by their United States Postal address as 105 Oceana Drive E. and 155 Oceana Drive E. in Brooklyn, NY 11235, consisting of 54 and 56 units respectively.

35. Upon information and belief, Defendant FUGATE, Administrator/Director of the Federal Emergency Management Agency, an Agency of the United States Government, was and is a citizen of the United States and the director of an agency or instrumentality of the United States Government.

36. Heretofore, FEMA duly issued a Standard Flood Insurance Policy ("SFIP") to CONDO 8 bearing number 31 4400117765 02 wherein and whereby it did insure the premises and the contents covering the property located at 105 Oceana Drive E., Brooklyn, New York 11235 for the period starting on April 21, 2012 and ending April 21, 2013.

37. Heretofore, FEMA duly issued a Standard Flood Insurance Policy ("SFIP") to CONDO 8 bearing number 31 4400117768 02 wherein and whereby it did insure the premises and the contents covering the property located at 155 Oceana Drive E., Brooklyn, New York 11235 for the period starting on April 21, 2012 and ending April 21, 2013.

38.   On or about October 29, 2012, the Meteorological Event known as Hurricane Sandy directly caused the inundation of the insured properties and the surrounding area, causing flood-waters to enter the buildings on the insured properties.  As a direct and proximate result of this flooding, CONDO 8 suffered direct physical losses to the buildings on the insured properties.

39.   FEMA issued the SFIPs to CONDO 8 for a one-year period in exchange for good and valuable consideration.  FEMA agreed, among other things, to pay CONDO 8 for direct physical loss to the insured properties caused by or from a "flood" as defined in the policies.

40.   The policies were in full force and effect at the time of the Meteorological Event known as Hurricane Sandy.  The policy period, as reflected in CONDO 8's "Flood Dwelling Policy Declaration - Renewal," was April 21, 2012 through April 21, 2013 (the "Declarations").  A true and correct copy of the Declarations, as provided by FEMA, are annexed hereto as Exhibit "2".

41.   In lieu of attaching the policies as part of this Complaint, CONDO 8 incorporates the SFIPs by reference, as set forth in 44 C.F.R. Pt. 61, App. A(1).  These are the policies that FEMA issued to CONDO 8 for the policy period referenced above.

42.   Among other things, the SFIPs issued to CONDO 8 covered flood losses and damage including coverage for "building property," including CONDO 8's buildings and any other eligible structures and property as described under Coverage A.

43.   CONDO 8's flood insurance coverage in force and effect during the Meteorological Event known as Hurricane Sandy, as reflected in the Declarations, was $1,000,000 for the building and $100,000 for contents. (See Exhibit "2").

44.   At all times herein mentioned, CONDO 8 possessed an insurable interest with respect to the insured properties.

45.   CONDO 8 has performed all conditions precedent for the coverages, payments, and benefits afforded by the policies.

46.   CONDO 8 has submitted to FEMA signed and sworn statements in Proof of Loss with supporting documentation, meeting the requirements of the SFIP.

47.   FEMA has paid no part of CONDO 8's damages, which leaves sum of at least $15,000.00 in dispute.

48.   No part of said sum has been paid, although duly demanded.

**FIRST CLAIM FOR RELIEF**

BREACH OF CONTRACT AS AGAINST DEFENDANT FEMA BY CONDO 4

49. CONDO 4 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if more fully and completely set forth at length herein.

50. FEMA has failed to properly adjust CONDO 4's loss.

51. FEMA has failed or refused to pay the full amount due under the policy, and has otherwise failed or refused to comply with the terms and provisions of the policy and FEMA's requirements under the NFIA and its implementing regulations. As a result, FEMA has breached its contracts of insurance described in this Complaint.

52. As a direct and proximate consequence of FEMA's breach, CONDO 4 has not been fully paid or compensated for the covered losses and damage to its building, and has been denied at least the amount of $15,000.00 of coverage under the policy.

**SECOND CLAIM FOR RELIEF**

BREACH OF CONTRACT AS AGAINST DEFENDANT FEMA BY CONDO 8

53. CONDO 8 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if more fully and completely set forth at length herein.

54. FEMA has failed to properly adjust CONDO 8's loss.

55. FEMA has failed or refused to pay the full amount due under the policies, and has otherwise failed or refused to comply with the terms and provisions of the policies and FEMA's requirements under the NFIA and its implementing regulations. As a result, FEMA has breached its contracts of insurance described in this Complaint.

12

56. As a direct and proximate consequence of FEMA's breach, CONDO 8 has not been fully paid or compensated for the covered losses and damage to its buildings, and has been denied  at least the amount of $15,000.00 of coverage under the policies.

**THIRD CLAIM FOR RELIEF**

DECLARATORY JUDGMENT AS AGAINST DEFENDANT FEMA BY CONDO 4

57. CONDO 4 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if more fully and completely set forth at length herein.

58. There is a bona fide, actual, and present controversy between the parties, affecting CONDO 4's rights to full and fair payment under the policy and the NFIA.  CONDO 4 respectfully requests a declaratory judgment, under 28 U.S.C. § 2201 and federal common law, setting forth that FEMA is in breach of its obligations to pay the full amount due under the policy, and recognizing CONDO 4's legally protectable interest in such payments.

**FOURTH CLAIM FOR RELIEF**

DECLARATORY JUDGMENT AS AGAINST DEFENDANT FEMA BY CONDO 8

59. CONDO 8 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if more fully and completely set forth at length herein.

60. There is a bona fide, actual, and present controversy between the parties, affecting CONDO 8's rights to full and fair payment under the policies and the NFIA. CONDO 8 respectfully requests a declaratory judgment, under 28 U.S.C. § 2201 and federal common law, setting forth that FEMA is in breach of its obligations to pay the full amount due under the policies, and recognizing CONDO 8's legally protectable interest in such payments.

## FIFTH CLAIM FOR RELIEF

### NEGLIGENCE AS AGAINST DEFENDANT CSR BY CONDO 4

61. CONDO 4 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if more fully and completely set forth at length herein.

62. At all times herein relevant, CSR was engaged in the business of property management.

63. At all times herein relevant, CSR held itself out as "the largest residential property management company in New York City [which] offers project management and energy management services....[with] training in all services necessary to properly operate and maintain our client properties." (See Exhibit "3").

64. Prior to October 29, 2012, CONDO 4 engaged the services of CSR to, inter alia, advise CONDO 4 as to its insurance needs and to obtain adequate and proper insurance coverage for its premises.

65. CSR had assumed the obligation to have all relevant knowledge pertaining to insurance coverage for CONDO 4, including the NFIP.

66. CSR had assumed the obligation to maintain proper insurance coverage for CONDO 4, including proper coverage for floods.

67. At all relevant times, CSR represented to CONDO 4 that it had "[i]nsurance specialists [that] evaluate each property's insurance portfolio and claims procedures seeking improvements in coverage."  (See Exhibit "4").

68. At all relevant times, CSR represented to CONDO 4 that its "[p]roperty managers are trained to look for potential liabilities and risks during building inspections to help eliminate dangerous situation [sic]."  (See Exhibit "4")

69. CSR in the performance of its duties for CONDO 4, through its agents, servants and employees, agreed to obtain property insurance coverage for the Subject Premises at proper levels so that, in the event of loss, CONDO 4 had sufficient coverage to enable it to rebuild, repair, and/or restore the Subject Premises as they existed before the loss and, thereby, "help eliminate [a] dangerous situation."  (See Exhibit "4").

70. By securing a policy through NFIP with insufficient building coverage limits, CONDO 4's claims for damages resulting from Meteorological Event Sandy were subject to coinsurance penalties in excess of Ninety (90%) percent.

71. CSR carelessly and negligently failed to procure, provide and guide CONDO 4 in the procurement of adequate insurance coverage.

72. Prior to October 29, 2012, CSR had constructive and actual notice that the coverage limits for building damage in the NFIP policy as selected by Defendant were subject to coinsurance penalties in excess of Ninety (90%) percent.

73. Prior to October 29, 2012, CSR had constructive and actual notice that the coinsurance penalty would result in significant reductions in CONDO 4's recoveries under the NFIP policy and, in fact, would provide insufficient coverage in the event of a flood.

74. Prior to October 29, 2012, CSR systematically delayed in providing CONDO 4 with relevant insurance coverage information prior to the renewal/anniversary date of its insurance policy, thereby precluding CONDO 4 from exploring, researching and/or considering alternatives.

75. On or about October 29, 2012, CONDO 4 sustained losses due to flooding, a peril covered under its NFIP policy.

76. Due to CSR's carelessness, negligence and/or gross negligence which resulted in the procurement of inadequate, deficient and insufficient insurance for CONDO 4, CONDO 4 is unable to fully recover under its NFIP policy for its flood claims.

77. CSR knew or should have known of the coinsurance penalty and resulting under-insurance of CONDO 4's NFIP policy.

78. Such carelessness, negligence and/or gross negligence has caused direct, foreseeable and proximate damages to CONDO 4.

79. At all relevant times following October 29, 2012, CSR was careless, negligent, and/or grossly negligent in the hiring, management, supervision, overseeing, monitoring evaluation of vendors and/or contractors hired to perform repair, restoration and remediation services relating to damages arising out of the Meteorological Event known as Hurricane Sandy.

80. As a result of the foregoing negligence and/or gross negligence, CONDO 4 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

**SIXTH CLAIM FOR RELIEF**

NEGLIGENCE AS AGAINST DEFENDANT CSR BY CONDO 8

81. CONDO 8 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if more fully and completely set forth at length herein.

82. At all times herein relevant, CSR was engaged in the business of property management.

83. At all times herein relevant, CSR held itself out as "the largest residential property management company in New York City [which] offers project management and energy management

services....[with] training in all services necessary to properly operate and maintain our client properties." (See Exhibit "3").

84. Prior to October 29, 2012, CONDO 8 engaged the services of CSR to, inter alia, advise CONDO 8 as to its insurance needs and to obtain adequate and proper insurance coverage for its premises.

85. CSR had assumed the obligation to have all relevant knowledge pertaining to insurance coverage for CONDO 8, including the NFIP.

86. CSR had assumed the obligation to maintain proper insurance coverage for CONDO 8, including proper coverage for floods.

87. At all relevant times, CSR represented to CONDO 8 that it had "[i]nsurance specialists [that] evaluate each property's insurance portfolio and claims procedures seeking improvements in coverage." (See Exhibit "4").

88. At all relevant times, CSR represented to CONDO 8 that its "[p]roperty managers are trained to look for potential liabilities and risks during building inspections to help eliminate dangerous situation [sic]." (See Exhibit "4")

89. CSR in the performance of its duties for CONDO 8, through its agents, servants and employees, agreed to obtain property insurance coverage for the Subject Premises at proper

levels so that, in the event of loss, CONDO 8 had sufficient coverage to enable it to rebuild, repair, and/or restore the Subject Premises as they existed before the loss and, thereby, "help eliminate [a] dangerous situation."  (See Exhibit "4").

90. By securing polices through NFIP with insufficient building coverage limits, CONDO 8's claims for damages resulting from the Meteorological Event known as Hurricane Sandy were subject to coinsurance penalties in excess of Ninety (90%) percent.

91. CSR carelessly and negligently failed to procure, provide and guide CONDO 8 in the procurement of adequate insurance coverage.

92. Prior to October 29, 2012, CSR had constructive and actual notice that the coverage limits for building damage in the NFIP policies as selected by Defendant were subject to coinsurance penalties in excess of Ninety 90% percent.

93. Prior to October 29, 2012, CSR had constructive and actual notice that the coinsurance penalty would result in significant reductions in the CONDO 8's recoveries under the NFIP policies and, in fact, would provide insufficient coverage in the event of a flood.

94. Prior to October 29, 2012, CSR systematically delayed in providing CONDO 8 with relevant insurance coverage information prior to the renewal/anniversary date of its respective insurance policies, thereby precluding CONDO 8 from exploring, researching and/or considering alternatives.

95. On or about October 29, 2012, CONDO 8 sustained losses due to flooding, a peril covered under its NFIP policies.

96. Due to CSR's carelessness, negligence and/or gross negligence which resulted in the procurement of inadequate, deficient and insufficient insurance for CONDO 8, CONDO 8 is unable to fully recover under its NFIP policies for its respective flood claims.

97. CSR knew or should have known of the coinsurance penalty and resulting under-insurance of CONDO 8's NFIP polices.

98. Such carelessness, negligence and/or gross negligence has caused direct, foreseeable and proximate damages to CONDO 8.

99. At all relevant times following October 29, 2012, CSR was careless, negligent, and/or grossly negligent in the hiring, management, supervision, overseeing, monitoring evaluation of vendors and/or contractors hired to perform repair, restoration and remediation services relating to damages arising out of the Meteorological Event known as Hurricane Sandy.

100. As a result of the foregoing negligence and/or gross negligence, CONDO 8 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

**SEVENTH CLAIM FOR RELIEF**

BREACH OF CONTRACT AS AGAINST DEFENDANT CSR BY CONDO 4

101. CONDO 4 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

20

102. At all relevant times prior to October 29, 2012, CSR entered into an agreement with CONDO 4, whereby CSR would perform certain property management services, including, but not limited to, advising and procuring proper and adequate insurance coverages, including the proper flood coverage for CONDO 4's SFIP.

103. Specifically, CSR was contractually obligated to CONDO 4 to "[a]dvise [CONDO 4], in conjunction with an insurance broker, regarding the proper insurance coverage for [CONDO 4], and to cooperate with any independent insurance broker or consultant that [CONDO 4] may designate or approve and engage for the purpose of effecting insurance and protecting its interests with respect thereto."[1]

104. At all relevant times, both prior to October 29, 2012, and immediately thereafter, CSR stated, advised and assured CONDO 4 that it had proper and adequate flood coverage.

105. Following the Meteorological Event known as Hurricane Sandy, CONDO 4 became aware that CSR had failed to procure and obtain proper flood coverage.

106. As a result of the foregoing breach, CONDO 4 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

---

[1]
  CONDO 4 refers to its individual Management Agreement with CSR. The language quoted however is taken from the CONDO 8 Management Agreement (Exhibit "5"), which is substantively similar to the Individual Management Agreement CSR had with CONDO 4.

## **EIGHTH CLAIM FOR RELIEF**

BREACH OF CONTRACT AS AGAINST DEFENDANT CSR BY CONDO 8

107. CONDO 8 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

108. At all relevant times prior to October 29, 2012, CSR entered into an agreement with CONDO 8, whereby CSR would perform certain property management services, including, but not limited to, advising and procuring proper and adequate insurance coverages, including the proper flood coverage for CONDO 8's SFIPs.

109. Specifically, CSR was contractually obligated to CONDO 8 to "[a]dvise [CONDO 8], in conjunction with an insurance broker, **regarding the proper insurance coverage for [CONDO 8],** and to cooperate with any independent insurance broker or consultant that [CONDO 8] may designate or approve and engage for the purpose of effecting insurance and protecting its interests with respect thereto."[2]

110. At all relevant times, both prior to October 29, 2012, and immediately thereafter, CSR stated, advised and assured CONDO 8 that it had proper and adequate flood coverage.

---

[2]       CONDO 8 refers to its individual Management Agreement with CSR, annexed hereto as Exhibit "5".

111. Following the Meteorological Event known as Hurricane Sandy, CONDO 8 became aware that CSR had failed to procure and obtain proper flood coverage.

112. As a result of the foregoing breach, CONDO 8 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

### NINTH CLAIM FOR RELIEF

NEGLIGENCE AS AGAINST DEFENDANT TMR BY CONDO 4

113. CONDO 4 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

114. At all relevant times, Defendant TMR was an insurance broker engaged in the business of insurance.

115. At all relevant times, Defendant TMR held itself out as an insurance brokerage firm "specializ[ing] in placing residential and commercial insurance for cooperatives, condominiums, and owners/managers."  (See Exhibit "6")

116. Prior to October 29, 2012, CONDO 4 and/or its agents engaged the services of Defendant TMR to, inter alia, advise CONDO 4 as to its insurance needs and to obtain adequate and proper insurance coverage for its premises.

117. Defendant TMR had an obligation to have all relevant knowledge pertaining to insurance coverage for CONDO 4, including the NFIP.

118. Defendant TMR had assumed a duty to properly advise CONDO 4 and obtain, maintain and procure proper insurance coverage for CONDO 4, including proper coverage for floods.

119. Defendant TMR in the performance of its duty to CONDO 4, through its agents, servants and employees, agreed to obtain property insurance coverage for the Subject Premises at proper levels so that, in the event of loss, CONDO 4 had sufficient coverage, less deductible, to enable it to rebuild, repair, and/or restore the Subject Premises as they existed before the loss.

120. By securing an NFIP policy with insufficient building coverage limits, CONDO 4's claim for damages resulting from the Meteorological Event known as Hurricane Sandy was subject to coinsurance penalties in excess of Ninety (90%) percent.

121. Specifically, CONDO 4's NFIP policy's building coverage limits, secured by Defendant TMR, through the NFIP do not comply with the 80% coinsurance provisions found in the NFIP.

122. Defendant TMR carelessly and negligently failed to procure and provide CONDO 4 with adequate flood coverage or advise CONDO 4 of the existence of the issue.

123. On or about October 29, 2012, CONDO 4 sustained losses due to flooding, a peril covered under its SFIP policy.

24

124. Due to the carelessness, negligence and/or gross negligence of Defendant TMR, which resulted in the procurement of inadequate, deficient and insufficient insurance for CONDO 4, CONDO 4 has been unable to fully recover under its NFIP policy for its flood claims.

125. Defendant TMR knew or should have known of the Eighty (80%) percent coinsurance requirement under the NFIP and resulting coinsurance penalty that would result if the requirement was not met.

126. Such carelessness, negligence and/or gross negligence has caused direct, foreseeable and proximate damages to CONDO 4.

127. As a result of the foregoing negligence and/or gross negligence, CONDO 4 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

**TENTH CLAIM FOR RELIEF**

NEGLIGENCE AS AGAINST DEFENDANT TMR BY CONDO 8

128. CONDO 8 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

129. At all relevant times, Defendant TMR was an insurance broker engaged in the business of insurance.

130. At all relevant times, Defendant TMR held itself out as an insurance brokerage firm "specializ[ing] in placing residential and commercial insurance for cooperatives, condominiums, and owners/managers."  (See Exhibit "6").

25

131. Prior to October 29, 2012, CONDO 8 and/or its agents engaged the services of Defendant TMR to, inter alia, advise CONDO 8 as to its insurance needs and to obtain adequate and proper insurance coverage for its premises.

132. Defendant TMR had an obligation to have all relevant knowledge pertaining to insurance coverage for CONDO 8, including the NFIP.

133. Defendant TMR had assumed a duty to properly advise CONDO 8 and obtain, maintain and procure proper insurance coverage for CONDO 8, including proper coverage for floods.

134. Defendant TMR in the performance of its duty to CONDO 8, through its agents, servants and employees, agreed to obtain property insurance coverage for the Subject Premises at proper levels so that, in the event of loss, CONDO 8 had sufficient coverage, less deductible, to enable it to rebuild, repair, and/or restore the Subject Premises as they existed before the loss.

135. By securing NFIP policies with insufficient building coverage limits, CONDO 8's claim for damages resulting from the Meteorological Event known as Hurricane Sandy was subject to coinsurance penalties in excess of Ninety (90%) percent.

136. Specifically, CONDO 8's NFIP policies' building coverage limits, secured by Defendant TMR, through the NFIP do not comply with the 80% coinsurance provisions found in the NFIP.

137. Defendant TMR carelessly and negligently failed to procure and provide CONDO 8 with adequate flood coverage or advise CONDO 8 of the existence of the issue.

138. On or about October 29, 2012, CONDO 8 sustained losses due to flooding, a peril covered under its SFIP polices.

139. Due to the carelessness, negligence and/or gross negligence of Defendant TMR, which resulted in the procurement of inadequate, deficient and insufficient insurance for CONDO 8, CONDO 8 has been unable to fully recover under its NFIP policies for its flood claims.

140. Defendant TMR knew or should have known of the Eighty (80%) percent coinsurance requirement under the NFIP and resulting coinsurance penalty that would result if the requirement was not met.

141. Such carelessness, negligence and/or gross negligence has caused direct, foreseeable and proximate damages to CONDO 8.

142. As a result of the foregoing negligence and/or gross negligence, CONDO 8 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

### ELEVENTH CLAIM FOR RELIEF

<u>NEGLIGENCE AS AGAINST DEFENDANT FSNEWYORK BY CONDO 4</u>

143. CONDO 4 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

144. At all relevant times, Defendant FSNEWYORK was an insurance broker engaged in the business of insurance.

145. Prior to October 29, 2012, CONDO 4 and/or its agents engaged the services of Defendant FSNEWYORK to, inter alia, advise CONDO 4 as to its insurance needs and to obtain adequate and proper insurance coverage for its premises.

146. Defendant FSNEWYORK had an obligation to have all relevant knowledge pertaining to insurance coverage for CONDO 4, including the NFIP.

147. Defendant FSNEWYORK had assumed a duty to properly advise CONDO 4 and obtain, maintain and procure proper insurance coverage for CONDO 4, including proper coverage for floods.

148. Defendant FSNEWYORK in the performance of its duty to CONDO 4, through its agents, servants and employees, agreed to obtain property insurance coverage for the Subject Premises at proper levels so that, in the event of loss, CONDO 4 had sufficient coverage, less deductible, to enable it to rebuild, repair, and/or restore the Subject Premises as they existed before the loss.

149. By securing an NFIP policy with insufficient building coverage limits, CONDO 4's claim for damages resulting from the Meteorological Event known as Hurricane Sandy was subject to coinsurance penalties in excess of Ninety (90%) percent.

150. Specifically, CONDO 4's NFIP policy's building coverage limits, secured by Defendant FSNEWYORK, through the NFIP do not comply with the 80% coinsurance provisions found in the NFIP.

151. Defendant FSNEWYORK carelessly and negligently failed to procure and provide CONDO 4 with adequate flood coverage or advise CONDO 4 of the existence of the issue.

152. On or about October 29, 2012, CONDO 4 sustained losses due to flooding, a peril covered under its SFIP policy.

153. Due to the carelessness, negligence and/or gross negligence of Defendant FSNEWYORK, which resulted in the procurement of inadequate, deficient and insufficient insurance for CONDO 4, CONDO 4 has been unable to fully recover under its NFIP policy for its flood claims.

154. Defendant FSNEWYORK knew or should have known of the Eighty (80%) percent coinsurance requirement under the NFIP and resulting coinsurance penalty that would result if the requirement was not met.

155. Such carelessness, negligence and/or gross negligence has caused direct, foreseeable and proximate damages to CONDO 4.

156. As a result of the foregoing negligence and/or gross negligence, CONDO 4 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

## TWELFTH CLAIM FOR RELIEF

NEGLIGENCE AS AGAINST DEFENDANT FSNEWYORK BY CONDO 8

157. CONDO 8 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

158. At all relevant times, Defendant FSNEWYORK was an insurance broker engaged in the business of insurance.

159. Prior to October 29, 2012, CONDO 8 and/or its agents engaged the services of Defendant FSNEWYORK to, inter alia, advise CONDO 8 as to its insurance needs and to obtain adequate and proper insurance coverage for its premises.

160. Defendant FSNEWYORK had an obligation to have all relevant knowledge pertaining to insurance coverage for CONDO 8, including the NFIP.

161. Defendant FSNEWYORK had assumed a duty to properly advise CONDO 8 and obtain, maintain and procure proper insurance coverage for CONDO 8, including proper coverage for floods.

162. Defendant FSNEWYORK in the performance of its duty to CONDO 8, through its agents, servants and employees, agreed to obtain property insurance coverage for the Subject Premises at proper levels so that, in the event of loss, CONDO 8 had sufficient coverage, less deductible, to enable it to rebuild, repair, and/or restore the Subject Premises as they existed before the loss.

163. By securing NFIP policies with insufficient building coverage limits, CONDO 8's claim for damages resulting from the Meteorological Event known as Hurricane Sandy was subject to coinsurance penalties in excess of Ninety (90%) percent.

164. Specifically, CONDO 8's NFIP policies' building coverage limits, secured by Defendant FSNEWYORK, through the NFIP do not comply with the 80% coinsurance provisions found in the NFIP.

165. Defendant FSNEWYORK carelessly and negligently failed to procure and provide CONDO 8 with adequate flood coverage or advise Plaintiff of the existence of the issue.

166. On or about October 29, 2012, CONDO 8 sustained losses due to flooding, a peril covered under its SFIP polices.

167. Due to the carelessness, negligence and/or gross negligence of Defendant FSNEWYORK, which resulted in the procurement of inadequate, deficient and insufficient insurance for CONDO 8, CONDO 8 has been unable to fully recover under its NFIP policies for its flood claims.

168. Defendant FSNEWYORK knew or should have known of the Eighty (80%) percent coinsurance requirement under the NFIP and resulting coinsurance penalty that would result if the requirement was not met.

169. Such carelessness, negligence and/or gross negligence has caused direct, foreseeable and proximate damages to CONDO 8.

170. As a result of the foregoing negligence and/or gross negligence, CONDO 8 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

**THIRTEENTH CLAIM FOR RELIEF**

NEGLIGENCE AS AGAINST DEFENDANT FSINC BY CONDO 4

171. CONDO 4 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

172. At all relevant times, Defendant FSINC was an insurance broker engaged in the business of insurance.

173. Prior to October 29, 2012, CONDO 4 and/or its agents engaged the services of Defendant FSINC to, inter alia, advise CONDO 4 as to its insurance needs and to obtain adequate and proper insurance coverage for its premises.

174. Defendant FSINC had an obligation to have all relevant knowledge pertaining to insurance coverage for CONDO 4, including the NFIP.

175. Defendant FSINC had assumed a duty to properly advise CONDO 4 and obtain, maintain and procure proper insurance coverage for CONDO 4, including proper coverage for floods.

176. Defendant FSINC in the performance of its duty to CONDO 4, through its agents, servants and employees, agreed to obtain property insurance coverage for the Subject Premises at

proper levels so that, in the event of loss, CONDO 4 had sufficient coverage, less deductible, to enable it to rebuild, repair, and/or restore the Subject Premises as they existed before the loss.

177. By securing a NFIP policy with insufficient building coverage limits, CONDO 4's claim for damages resulting from the Meteorological Event known as Hurricane Sandy was subject to coinsurance penalties in excess of Ninety (90%) percent.

178. Specifically, CONDO 4's NFIP policy's building coverage limits, secured by Defendant FSINC through the NFIP do not comply with the Eighty (80%) percent coinsurance provisions found in the NFIP.

179. Defendant FSINC carelessly and negligently failed to procure and provide CONDO 4 with adequate flood coverage or advise CONDO 4 of the existence of the issue.

180. On or about October 29, 2012, CONDO 4 sustained losses due to flooding, a peril covered under its SFIP policy.

181. Due to the carelessness, negligence and/or gross negligence of Defendant FSINC, which resulted in the procurement of inadequate, deficient and insufficient insurance for CONDO 4, CONDO 4 has been unable to fully recover under its NFIP policy for its flood claims.

182. Defendant FSINC knew or should have known of the Eighty (80%) percent coinsurance requirement under the NFIP and resulting coinsurance penalty that would result if the requirement was not met.

183. Such carelessness, negligence and/or gross negligence has caused direct, foreseeable and proximate damages to CONDO 4.

184. As a result of the foregoing negligence and/or gross negligence, CONDO 4 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

### FOURTEENTH CLAIM FOR RELIEF

NEGLIGENCE AS AGAINST DEFENDANT FSINC BY CONDO 8

185. CONDO 8 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

187. At all relevant times, Defendant FSINC was an insurance broker engaged in the business of insurance.

188. Prior to October 29, 2012, CONDO 8 and/or its agents engaged the services of Defendant FSINC to, inter alia, advise CONDO 8 as to its insurance needs and to obtain adequate and proper insurance coverage for its premises.

189. Defendant FSINC had an obligation to have all relevant knowledge pertaining to insurance coverage for CONDO 8, including the NFIP.

190. Defendant FSINC had assumed a duty to properly advise CONDO 8 and obtain, maintain and procure proper insurance coverage for CONDO 8, including proper coverage for floods.

191. Defendant FSINC in the performance of its duty to CONDO 8, through its agents, servants and employees, agreed to obtain property insurance coverage for the Subject Premises at proper levels so that, in the event of loss, CONDO 8 had sufficient coverage, less deductible, to enable it to rebuild, repair, and/or restore the Subject Premises as they existed before the loss.

192. By securing NFIP policies with insufficient building coverage limits, CONDO 8's claim for damages resulting from the Meteorological Event known as Hurricane Sandy was subject to coinsurance penalties in excess of Ninety (90%) percent.

193. Specifically, CONDO 8's NFIP policies building coverage limits, secured by Defendant FSINC, through the NFIP do not comply with the Eighty (80%) percent coinsurance provisions found in the NFIP.

194. Defendant FSINC carelessly and negligently failed to procure and provide CONDO 8 with adequate flood coverage or advise CONDO 8 of the existence of the issue.

195. On or about October 29, 2012, CONDO 8 sustained losses due to flooding, a peril covered under its SFIP policies.

196. Due to the carelessness, negligence and/or gross negligence of Defendant FSINC, which resulted in the procurement of inadequate, deficient and insufficient insurance for CONDO 8, CONDO 8 has been unable to fully recover under its NFIP policies for its flood claims.

197. Defendant FSINC knew or should have known of the Eighty (80%) percent coinsurance requirement under the NFIP and resulting coinsurance penalty that would result if the requirement was not met.

198. Such carelessness, negligence and/or gross negligence has caused direct, foreseeable and proximate damages to CONDO 8.

199. As a result of the foregoing negligence and/or gross negligence, CONDO 8 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

**FIFTEENTH CLAIM FOR RELIEF**

NEGLIGENCE AS AGAINST DEFENDANT FSNY BY CONDO 4

200. CONDO 4 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

201. At all relevant times, Defendant FSNY was an insurance broker engaged in the business of insurance.

202. Prior to October 29, 2012, CONDO 4 and/or its agents engaged the services of Defendant FSNY to, inter alia, advise CONDO 4 as to its insurance needs and to obtain adequate and proper insurance coverage for its premises.

203. Defendant FSNY had an obligation to have all relevant knowledge pertaining to insurance coverage for CONDO 4, including the NFIP.

204. Defendant FSNY had assumed a duty to properly advise CONDO 4 and obtain, maintain and procure proper insurance coverage for CONDO 4, including proper coverage for floods.

205. Defendant FSNY in the performance of its duty to CONDO 4, through its agents, servants and employees, agreed to obtain property insurance coverage for the Subject Premises at proper levels so that, in the event of loss, CONDO 4 had sufficient coverage, less deductible, to enable it to rebuild, repair, and/or restore the Subject Premises as they existed before the loss.

206. By securing an NFIP policy with insufficient building coverage limits, CONDO 4's claim for damages resulting from the Meteorological Event known as Hurricane Sandy was subject to coinsurance penalties in excess of Ninety (90%) percent.

207. Specifically, CONDO 4's NFIP policy's building coverage limits, secured by Defendant FSNY, through the NFIP do not comply with the Eighty (80%) percent coinsurance provisions found in the NFIP.

208. Defendant FSNY carelessly and negligently failed to procure and provide CONDO 4 with adequate flood coverage or advise CONDO 4 of the existence of the issue.

209. On or about October 29, 2012, CONDO 4 sustained losses due to flooding, a peril covered under its SFIP policy.

210. Due to the carelessness, negligence and/or gross negligence of Defendant FSNY, which resulted in the procurement of inadequate, deficient and insufficient insurance for CONDO 4, CONDO 4 has been unable to fully recover under its NFIP policy for its flood claims.

211. Defendant FSNY knew or should have known of the Eighty (80%) percent coinsurance requirement under the NFIP and resulting coinsurance penalty that would result if the requirement was not met.

212. Such carelessness, negligence and/or gross negligence has caused direct, foreseeable and proximate damages to CONDO 4.

213. As a result of the foregoing negligence and/or gross negligence, CONDO 4 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

### **SIXTEENTH CLAIM FOR RELIEF**

<u>NEGLIGENCE AS AGAINST DEFENDANT FSNY BY CONDO 8</u>

214. CONDO 8 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

215. At all relevant times, Defendant FSNY was an insurance broker engaged in the business of insurance.

216. Prior to October 29, 2012, CONDO 8 and/or its agents engaged the services of Defendant FSNY to, inter alia, advise CONDO 8 as to its insurance needs and to obtain adequate and proper insurance coverage for its premises.

217. Defendant FSNY had an obligation to have all relevant knowledge pertaining to insurance coverage for CONDO 8, including the NFIP.

218. Defendant FSNY had assumed a duty to properly advise CONDO 8 and obtain, maintain and procure proper insurance coverage for CONDO 8, including proper coverage for floods.

219. Defendant FSNY in the performance of its duty to CONDO 8, through its agents, servants and employees, agreed to obtain property insurance coverage for the Subject Premises at proper levels so that, in the event of loss, CONDO 8 had sufficient coverage, less deductible, to enable it to rebuild, repair, and/or restore the Subject Premises as they existed before the loss.

220. By securing NFIP policies with insufficient building coverage limits, CONDO 8's claim for damages resulting from the Meteorological Event known as Hurricane Sandy was subject to coinsurance penalties in excess of Ninety (90%) percent.

221. Specifically, CONDO 8's NFIP policies' building coverage limits, secured by Defendant FSNY, through the NFIP do not comply with the Eighty (80%) percent coinsurance provisions found in the NFIP.

222. Defendant FSNY carelessly and negligently failed to procure and provide CONDO 8 with adequate flood coverage or advise CONDO 8 of the existence of the issue.

223. On or about October 29, 2012, CONDO 8 sustained losses due to flooding, a peril covered under its SFIP polices.

224. Due to the carelessness, negligence and/or gross negligence of Defendant FSNY, which resulted in the procurement of inadequate, deficient and insufficient insurance for CONDO 8, CONDO 8 has been unable to fully recover under its NFIP policies for its flood claims.

225. Defendant FSNY knew or should have known of the Eighty (80%) percent coinsurance requirement under the NFIP and resulting coinsurance penalty that would result if the requirement was not met.

226. Such carelessness, negligence and/or gross negligence has caused direct, foreseeable and proximate damages to CONDO 8.

227. As a result of the foregoing negligence and/or gross negligence, CONDO 8 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

## SEVENTEENTH CLAIM FOR RELIEF

### NEGLIGENCE AS AGAINST DEFENDANT FSINCNY BY CONDO 4

228. CONDO 4 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

229. At all relevant times, Defendant FSINCNY was an insurance broker engaged in the business of insurance.

230. Prior to October 29, 2012, CONDO 4 and/or its agents engaged the services of Defendant FSINCNY to, inter alia, advise CONDO 4 as to its insurance needs and to obtain adequate and proper insurance coverage for its premises.

231. Defendant FSINCNY had an obligation to have all relevant knowledge pertaining to insurance coverage for CONDO 4, including the NFIP.

232. Defendant FSINCNY had assumed a duty to properly advise CONDO 4 and obtain, maintain and procure proper insurance coverage for CONDO 4, including proper coverage for floods.

233. Defendant FSINCNY in the performance of its duty to CONDO 4, through its agents, servants and employees, agreed to obtain property insurance coverage for the Subject Premises at proper levels so that, in the event of loss, CONDO 4 had sufficient coverage, less deductible, to enable it to rebuild, repair, and/or restore the Subject Premises as they existed before the loss.

234. By securing an NFIP policy with insufficient building coverage limits, CONDO 4's claim for damages resulting from the Meteorological Event known as Hurricane Sandy was subject to coinsurance penalties in excess of Ninety (90%) percent.

235. Specifically, CONDO 4's NFIP policy's building coverage limits, secured by Defendant FSINCNY, through the NFIP do not comply with the Eighty (80%) percent coinsurance provisions found in the NFIP.

236. Defendant FSINCNY carelessly and negligently failed to procure and provide CONDO 4 with adequate flood coverage or advise CONDO 4 of the existence of the issue.

237. On or about October 29, 2012, CONDO 4 sustained losses due to flooding, a peril covered under its SFIP policy.

238. Due to the carelessness, negligence and/or gross negligence of Defendant FSINCNY, which resulted in the procurement of inadequate, deficient and insufficient insurance for CONDO 4, CONDO 4 has been unable to fully recover under its NFIP policy for its flood claims.

239. Defendant FSINCNY knew or should have known of the Eighty (80%) percent coinsurance requirement under the NFIP and resulting coinsurance penalty that would result if the requirement was not met.

240. Such carelessness, negligence and/or gross negligence has caused direct, foreseeable and proximate damages to CONDO 4.

42

241. As a result of the foregoing negligence and/or gross negligence, CONDO 4 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

**EIGHTEENTH CLAIM FOR RELIEF**

NEGLIGENCE AS AGAINST DEFENDANT FSINCNY BY CONDO 8

242. CONDO 8 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

243. At all relevant times, Defendant FSINCNY was an insurance broker engaged in the business of insurance.

244. Prior to October 29, 2012, CONDO 8 and/or its agents engaged the services of Defendant FSINCNY to, inter alia, advise CONDO 8 as to its insurance needs and to obtain adequate and proper insurance coverage for its premises.

245. Defendant FSINCNY had an obligation to have all relevant knowledge pertaining to insurance coverage for CONDO 8, including the NFIP.

246. Defendant FSINCNY had assumed a duty to properly advise CONDO 8 and obtain, maintain and procure proper insurance coverage for CONDO 8, including proper coverage for floods.

247. Defendant FSINCNY in the performance of its duty to CONDO 8, through its agents, servants and employees, agreed to obtain property insurance coverage for the Subject Premises at proper levels so that, in the event of loss, CONDO 8 had

sufficient coverage, less deductible, to enable it to rebuild, repair, and/or restore the Subject Premises as they existed before the loss.

248. By securing NFIP policies with insufficient building coverage limits, CONDO 8's claim for damages resulting from the Meteorological Event known as Hurricane Sandy was subject to coinsurance penalties in excess of Ninety (90%) percent.

249. Specifically, CONDO 8's NFIP policies' building coverage limits, secured by Defendant FSINCNY, through the NFIP do not comply with the Eighty (80%) percent coinsurance provisions found in the NFIP.

250. Defendant FSINCNY carelessly and negligently failed to procure and provide CONDO 8 with adequate flood coverage or advise CONDO 8 of the existence of the issue.

251. On or about October 29, 2012, CONDO 8 sustained losses due to flooding, a peril covered under its SFIP polices.

252. Due to the carelessness, negligence and/or gross negligence of Defendant FSINCNY, which resulted in the procurement of inadequate, deficient and insufficient insurance for CONDO 8, CONDO 8 has been unable to fully recover under its NFIP policies for its flood claims.

253. Defendant FSINCNY knew or should have known of the Eighty (80%) percent coinsurance requirement under the NFIP and resulting coinsurance penalty that would result if the requirement was not met.

254. Such carelessness, negligence and/or gross negligence has caused direct, foreseeable and proximate damages to CONDO 8.

255. As a result of the foregoing negligence and/or gross negligence, CONDO 8 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

### NINETEENTH CLAIM FOR RELIEF

NEGLIGENCE AS AGAINST DEFENDANT FSLLC BY CONDO 4

256. CONDO 4 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

257. At all relevant times, Defendant FSLLC was an insurance broker engaged in the business of insurance.

258. Prior to October 29, 2012, CONDO 4 and/or its agents engaged the services of Defendant FSLLC to, inter alia, advise CONDO 4 as to its insurance needs and to obtain adequate and proper insurance coverage for its premises.

259. Defendant FSLLC had an obligation to have all relevant knowledge pertaining to insurance coverage for CONDO 4, including the NFIP.

260. Defendant FSLLC had assumed a duty to properly advise CONDO 4 and obtain, maintain and procure proper insurance coverage for CONDO 4, including proper coverage for floods.

261. Defendant FSLLC in the performance of its duty to CONDO 4, through its agents, servants and employees, agreed to obtain property insurance coverage for the Subject Premises at proper levels so that, in the event of loss, CONDO 4 had sufficient coverage, less deductible, to enable it to rebuild, repair, and/or restore the Subject Premises as they existed before the loss.

262. By securing an NFIP policy with insufficient building coverage limits, CONDO 4's claim for damages resulting from the Meteorological Event known as Hurricane Sandy was subject to coinsurance penalties in excess of Ninety (90%) percent.

263. Specifically, CONDO 4's NFIP policy's building coverage limits, secured by Defendant FSLLC, through the NFIP do not comply with the 80% coinsurance provisions found in the NFIP.

264. Defendant FSLLC carelessly and negligently failed to procure and provide CONDO 4 with adequate flood coverage or advise CONDO 4 of the existence of the issue.

265. On or about October 29, 2012, CONDO 4 sustained losses due to flooding, a peril covered under its SFIP policy.

266. Due to the carelessness, negligence and/or gross negligence of Defendant FSLLC, which resulted in the procurement of inadequate, deficient and insufficient insurance for CONDO 4, CONDO 4 has been unable to fully recover under its NFIP policy for its flood claims.

267. Defendant FSLLC knew or should have known of the Eighty (80%) percent coinsurance requirement under the NFIP and resulting coinsurance penalty that would result if the requirement was not met.

268. Such carelessness, negligence and/or gross negligence has caused direct, foreseeable and proximate damages to CONDO 4.

269. As a result of the foregoing negligence and/or gross negligence, CONDO 4 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

### TWENTIETH CLAIM FOR RELIEF

NEGLIGENCE AS AGAINST DEFENDANT FSLLC BY CONDO 8

270. CONDO 8 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

271. At all relevant times, Defendant FSLLC was an insurance broker engaged in the business of insurance.

272. Prior to October 29, 2012, CONDO 8 and/or its agents engaged the services of Defendant FSLLC to, inter alia, advise CONDO 8 as to its insurance needs and to obtain adequate and proper insurance coverage for its premises.

273. Defendant FSLLC had an obligation to have all relevant knowledge pertaining to insurance coverage for CONDO 8, including the NFIP.

274. Defendant FSLLC had assumed a duty to properly advise CONDO 8 and obtain, maintain and procure proper insurance coverage for CONDO 8, including proper coverage for floods.

275. Defendant FSLLC in the performance of its duty to CONDO 8, through its agents, servants and employees, agreed to obtain property insurance coverage for the Subject Premises at proper levels so that, in the event of loss, CONDO 8 had sufficient coverage, less deductible, to enable it to rebuild, repair, and/or restore the Subject Premises as they existed before the loss.

276. By securing NFIP policies with insufficient building coverage limits, CONDO 8's claim for damages resulting from the Meteorological Event known as Hurricane Sandy was subject to coinsurance penalties in excess of Ninety (90%) percent.

277. Specifically, CONDO 8's NFIP policies' building coverage limits, secured by Defendant FSLLC, through the NFIP do not comply with the Eighty (80%) percent coinsurance provisions found in the NFIP.

278. Defendant FSLLC carelessly and negligently failed to procure and provide CONDO 8 with adequate flood coverage or advise CONDO 8 of the existence of the issue.

279. On or about October 29, 2012, CONDO 8 sustained losses due to flooding, a peril covered under its SFIP polices.

280. Due to the carelessness, negligence and/or gross negligence of Defendant FSLLC, which resulted in the procurement of inadequate, deficient and insufficient insurance for CONDO 8, CONDO 8 has been unable to fully recover under its NFIP policies for its flood claims.

281. Defendant FSLLC knew or should have known of the Eighty (80%) percent coinsurance requirement under the NFIP and resulting coinsurance penalty that would result if the requirement was not met.

282. Such carelessness, negligence and/or gross negligence has caused direct, foreseeable and proximate damages to CONDO 8.

283. As a result of the foregoing negligence and/or gross negligence, CONDO 8 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

**TWENTY-FIRST CLAIM FOR RELIEF**

NEGLIGENCE AS AGAINST DEFENDANT FSLLCNY BY CONDO 4

284. CONDO 4 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

285. At all relevant times, Defendant FSLLCNY was an insurance broker engaged in the business of insurance.

286. Prior to October 29, 2012, CONDO 4 and/or its agents engaged the services of Defendant FSLLCNY to, inter alia, advise CONDO 4 as to its insurance needs and to obtain adequate and proper insurance coverage for its premises.

287. Defendant FSLLCNY had an obligation to have all relevant knowledge pertaining to insurance coverage for CONDO 4, including the NFIP.

288. Defendant FSLLCNY had assumed a duty to properly advise CONDO 4 and obtain, maintain and procure proper insurance coverage for CONDO 4, including proper coverage for floods.

289. Defendant FSLLCNY in the performance of its duty to CONDO 4, through its agents, servants and employees, agreed to obtain property insurance coverage for the Subject Premises at proper levels so that, in the event of loss, CONDO 4 had sufficient coverage, less deductible, to enable it to rebuild, repair, and/or restore the Subject Premises as they existed before the loss.

290. By securing an NFIP policy with insufficient building coverage limits, CONDO 4's claim for damages resulting from the Meteorological Event known as Hurricane Sandy was subject to coinsurance penalties in excess of Ninety (90%) percent.

291. Specifically, CONDO 4's NFIP policy's building coverage limits, secured by Defendant FSLLCNY, through the NFIP do not comply with the Eighty (80%) percent coinsurance provisions found in the NFIP.

292. Defendant FSLLCNY carelessly and negligently failed to procure and provide CONDO 4 with adequate flood coverage or advise CONDO 4 of the existence of the issue.

293. On or about October 29, 2012, CONDO 4 sustained losses due to flooding, a peril covered under its SFIP policy.

294. Due to the carelessness, negligence and/or gross negligence of Defendant FSLLCNY, which resulted in the procurement of inadequate, deficient and insufficient insurance for CONDO 4, CONDO 4 has been unable to fully recover under its NFIP policy for its flood claims.

295. Defendant FSLLCNY knew or should have known of the Eighty (80%) percent coinsurance requirement under the NFIP and resulting coinsurance penalty that would result if the requirement was not met.

296. Such carelessness, negligence and/or gross negligence has caused direct, foreseeable and proximate damages to CONDO 4.

297. As a result of the foregoing negligence and/or gross negligence, CONDO 4 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

## TWENTY-SECOND CLAIM FOR RELIEF

### NEGLIGENCE AS AGAINST DEFENDANT FSLLCNY BY CONDO 8

298. CONDO 8 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

299. At all relevant times, Defendant FSLLCNY was an insurance broker engaged in the business of insurance.

300. Prior to October 29, 2012, CONDO 8 and/or its agents engaged the services of Defendant FSLLCNY to, inter alia, advise CONDO 8 as to its insurance needs and to obtain adequate and proper insurance coverage for its premises.

301. Defendant FSLLCNY had an obligation to have all relevant knowledge pertaining to insurance coverage for CONDO 8, including the NFIP.

302. Defendant FSLLCNY had assumed a duty to properly advise CONDO 8 and obtain, maintain and procure proper insurance coverage for CONDO 8, including proper coverage for floods.

303. Defendant FSLLCNY in the performance of its duty to CONDO 8, through its agents, servants and employees, agreed to obtain property insurance coverage for the Subject Premises at proper levels so that, in the event of loss, CONDO 8 had sufficient coverage, less deductible, to enable it to rebuild, repair, and/or restore the Subject Premises as they existed before the loss.

304. By securing NFIP policies with insufficient building coverage limits, CONDO 8's claim for damages resulting from the Meteorological Event known as Hurricane Sandy was subject to coinsurance penalties in excess of Ninety (90%) percent.

305. Specifically, CONDO 8's NFIP policies' building coverage limits, secured by Defendant FSLLCNY, through the NFIP do not comply with the Eighty (80%) percent coinsurance provisions found in the NFIP.

306. Defendant FSLLCNY carelessly and negligently failed to procure and provide CONDO 8 with adequate flood coverage or advise CONDO 8 of the existence of the issue.

307. On or about October 29, 2012, CONDO 8 sustained losses due to flooding, a peril covered under its SFIP policies.

308. Due to the carelessness, negligence and/or gross negligence of Defendant FSLLCNY, which resulted in the procurement of inadequate, deficient and insufficient insurance for CONDO 8, CONDO 8 has been unable to fully recover under its NFIP policies for its flood claims.

309. Defendant FSLLCNY knew or should have known of the Eighty (80%) percent coinsurance requirement under the NFIP and resulting coinsurance penalty that would result if the requirement was not met.

310. Such carelessness, negligence and/or gross negligence has caused direct, foreseeable and proximate damages to CONDO 8.

311. As a result of the foregoing negligence and/or gross negligence, CONDO 8 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

**TWENTY-THIRD CLAIM FOR RELIEF**

NEGLIGENCE AS AGAINST DEFENDANT GALLAGHER BY CONDO 4

312. CONDO 4 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

313. At all relevant times, Defendant GALLAGHER was an insurance broker engaged in the business of insurance.

314. Prior to October 29, 2012, CONDO 4 and/or its agents engaged the services of Defendant GALLAGHER to, _inter alia_, advise CONDO 4 as to its insurance needs and to obtain adequate and proper insurance coverage for its premises.

315. Defendant GALLAGHER had an obligation to have all relevant knowledge pertaining to insurance coverage for CONDO 4, including the NFIP.

316. Defendant GALLAGHER had assumed a duty to properly advise CONDO 4 and obtain, maintain and procure proper insurance coverage for CONDO 4, including proper coverage for floods.

317. Defendant GALLAGHER in the performance of its duty to CONDO 4, through its agents, servants and employees, agreed to obtain property insurance coverage for the Subject Premises at proper levels so that, in the event of loss, CONDO 4 had sufficient coverage, less deductible, to enable it to rebuild, repair, and/or restore the Subject Premises as they existed before the loss.

318. By securing an NFIP policy with insufficient building coverage limits, Plaintiff's claim for damages resulting from the Meteorological Event known as Hurricane Sandy was subject to coinsurance penalties in excess of Ninety (90%) percent.

319. Specifically, CONDO 4's NFIP policy's building coverage limits, secured by Defendant GALLAGHER, through the NFIP do not comply with the Eighty (80%) percent coinsurance provisions found in the NFIP.

320. Defendant GALLAGHER carelessly and negligently failed to procure and provide CONDO 4 with adequate flood coverage or advise CONDO 4 of the existence of the issue.

321. On or about October 29, 2012, CONDO 4 sustained losses due to flooding, a peril covered under its SFIP policy.

322. Due to the carelessness, negligence and/or gross negligence of Defendant GALLAGHER, which resulted in the procurement of inadequate, deficient and insufficient insurance for CONDO 4, CONDO 4 has been unable to fully recover under its NFIP policy for its flood claims.

323. Defendant GALLAGHER knew or should have known of the Eighty (80%) percent coinsurance requirement under the NFIP and resulting coinsurance penalty that would result if the requirement was not met.

324. Such carelessness, negligence and/or gross negligence has caused direct, foreseeable and proximate damages to CONDO 4.

325. As a result of the foregoing negligence and/or gross negligence, CONDO 4 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

**TWENTY-FOURTH CLAIM FOR RELIEF**

NEGLIGENCE AS AGAINST DEFENDANT GALLAGHER BY CONDO 8

326. CONDO 8 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

327. At all relevant times, Defendant GALLAGHER was an insurance broker engaged in the business of insurance.

328. Prior to October 29, 2012, CONDO 8 and/or its agents engaged the services of Defendant GALLAGHER to, inter alia, advise CONDO 8 as to its insurance needs and to obtain adequate and proper insurance coverage for its premises.

329. Defendant GALLAGHER had an obligation to have all relevant knowledge pertaining to insurance coverage for CONDO 8, including the NFIP.

330. Defendant GALLAGHER had assumed a duty to properly advise CONDO 8 and obtain, maintain and procure proper insurance coverage for CONDO 8, including proper coverage for floods.

331. Defendant GALLAGHER in the performance of its duty to CONDO 8, through its agents, servants and employees, agreed to obtain property insurance coverage for the Subject Premises at proper levels so that, in the event of loss, CONDO 8 had sufficient coverage, less deductible, to enable it to rebuild, repair, and/or restore the Subject Premises as they existed before the loss.

332. By securing NFIP policies with insufficient building coverage limits, CONDO 8's claim for damages resulting from the Meteorological Event known as Hurricane Sandy was subject to coinsurance penalties in excess of Ninety (90%) percent.

333. Specifically, CONDO 8's NFIP policies' building coverage limits, secured by Defendant GALLAGHER, through the NFIP do not comply with the Eighty (80%) percent coinsurance provisions found in the NFIP.

334. Defendant GALLAGHER carelessly and negligently failed to procure and provide CONDO 8 with adequate flood coverage or advise CONDO 8 of the existence of the issue.

335. On or about October 29, 2012, CONDO 8 sustained losses due to flooding, a peril covered under its SFIP policies.

336. Due to the carelessness, negligence and/or gross negligence of Defendant GALLAGHER, which resulted in the procurement of inadequate, deficient and insufficient insurance for CONDO 8, CONDO 8 has been unable to fully recover under its NFIP policies for its flood claims.

337. Defendant GALLAGHER knew or should have known of the Eighty (80%) percent coinsurance requirement under the NFIP and resulting coinsurance penalty that would result if the requirement was not met.

338. Such carelessness, negligence and/or gross negligence has caused direct, foreseeable and proximate damages to CONDO 8.

339. As a result of the foregoing negligence and/or gross negligence, CONDO 8 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

### TWENTY-FIFTH CLAIM FOR RELIEF

BREACH OF CONTRACT AS AGAINST DEFENDANT TMR BY CONDO 4

340. CONDO 4 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

341. At all relevant times prior to October 29, 2012, Defendant TMR had an agreement with CONDO 4, whereby Defendant TMR would perform certain insurance procurement services, including, but not limited to, advising and procuring proper and adequate insurance coverages, including the proper flood coverage.

342. Following the Meteorological Event known as Hurricane Sandy, CONDO 4 became aware that Defendant TMR failed to procure, obtain, secure proper flood coverage.

343. Specifically, CONDO 4 NFIP policy's building coverage limits, placed and/or secured by Defendant TMR through the NFIP, do not comply with the Eighty (80%) percent coinsurance provisions found in the SFIP.

344. As a result of the foregoing breach, CONDO 4 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

## TWENTY-SIXTH CLAIM FOR RELIEF

BREACH OF CONTRACT AS AGAINST DEFENDANT TMR BY CONDO 8

345. CONDO 8 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

346. At all relevant times prior to October 29, 2012, Defendant TMR had an agreement with CONDO 8, whereby Defendant TMR would perform certain insurance procurement services, including, but not limited to, advising and procuring proper and adequate insurance coverages, including the proper flood coverage.

347. Following the Meteorological Event known as Hurricane Sandy, CONDO 8 became aware that Defendant TMR failed to procure, obtain, secure proper flood coverage.

348. Specifically, CONDO 8's NFIP policies' building coverage limits, placed and/or secured by Defendant TMR through the NFIP, do not comply with the 80% coinsurance provisions found in the SFIP.

349. As a result of the foregoing breach, CONDO 8 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

### TWENTY-SEVENTH CLAIM FOR RELIEF

BREACH OF CONTRACT AS AGAINST DEFENDANT FSNEWYORK BY CONDO 4

350. CONDO 4 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

351. At all relevant times prior to October 29, 2012, Defendant FSNEWYORK had an agreement with CONDO 4, whereby Defendant FSNEWYORK would perform certain insurance procurement services, including, but not limited to, advising and procuring proper and adequate insurance coverages, including the proper flood coverage.

352. Following the Meteorological Event known as Hurricane Sandy, CONDO 4 became aware that Defendant FSNEWYORK failed to procure, obtain, secure proper flood coverage.

353. Specifically, CONDO 4's NFIP policy's building coverage limits, placed and/or secured by Defendant FSNEWYORK through the NFIP, do not comply with the Eighty (80%) percent coinsurance provisions found in the SFIP.

354. As a result of the foregoing breach, CONDO 4 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

### TWENTY-EIGHTH CLAIM FOR RELIEF

BREACH OF CONTRACT AS AGAINST DEFENDANT FSNEWYORK BY CONDO 8

355. CONDO 8 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

356. At all relevant times prior to October 29, 2012, Defendant FSNEWYORK had an agreement with CONDO 8, whereby Defendant FSNEWYORK would perform certain insurance procurement services, including, but not limited to, advising and procuring proper and adequate insurance coverages, including the proper flood coverage.

357. Following the Meteorological Event known as Hurricane Sandy, CONDO 8 became aware that Defendant FSNEWYORK failed to procure, obtain, secure proper flood coverage.

358. Specifically, CONDO 8's NFIP policies' building coverage limits, placed and/or secured by Defendant FSNEWYORK through the NFIP, do not comply with the 80% coinsurance provisions found in the SFIP.

359. As a result of the foregoing breach, CONDO 8 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

## <u>TWENTY-NINTH CLAIM FOR RELIEF</u>

<u>BREACH OF CONTRACT AS AGAINST DEFENDANT FSINC BY CONDO 4</u>

360. CONDO 4 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

361. At all relevant times prior to October 29, 2012, Defendant FSINC had an agreement with CONDO 4, whereby Defendant FSINC would perform certain insurance procurement services, including, but not limited to, advising and procuring proper and adequate insurance coverages, including the proper flood coverage.

362. Following the Meteorological Event known as Hurricane Sandy, CONDO 4 became aware that Defendant FSINC failed to procure, obtain, secure proper flood coverage.

363. Specifically, CONDO 4's NFIP policy's building coverage limits, placed and/or secured by Defendant FSINC through the NFIP, do not comply with the Eighty (80%) percent coinsurance provisions found in the SFIP.

364. As a result of the foregoing breach, CONDO 4 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

## THIRTIETH CLAIM FOR RELIEF

BREACH OF CONTRACT AS AGAINST DEFENDANT FSINC BY CONDO 8

365. CONDO 8 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

366. At all relevant times prior to October 29, 2012, Defendant FSINC had an agreement with CONDO 8, whereby Defendant FSINC would perform certain insurance procurement services, including, but not limited to, advising and procuring proper and adequate insurance coverages, including the proper flood coverage.

367. Following the Meteorological Event known as Hurricane Sandy, CONDO 8 became aware that Defendant FSINC failed to procure, obtain, secure proper flood coverage.

368. Specifically, CONDO 8's NFIP policies' building coverage limits, placed and/or secured by Defendant FSINC through the NFIP, do not comply with the Eighty (80%) percent coinsurance provisions found in the SFIP.

369. As a result of the foregoing breach, CONDO 8 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

## **THIRTY-FIRST CLAIM FOR RELIEF**

BREACH OF CONTRACT AS AGAINST DEFENDANT FSNY BY CONDO 4

370. CONDO 4 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

371. At all relevant times prior to October 29, 2012, Defendant FSNY had an agreement with CONDO 4, whereby Defendant FSNY would perform certain insurance procurement services, including, but not limited to, advising and procuring proper and adequate insurance coverages, including the proper flood coverage.

372. Following the Meteorological Event known as Hurricane Sandy, CONDO 4 became aware that Defendant FSNY failed to procure, obtain, secure proper flood coverage.

373. Specifically, CONDO 4's NFIP policy's building coverage limits, placed and/or secured by Defendant FSNY through the NFIP, do not comply with the Eighty (80%) percent coinsurance provisions found in the SFIP.

374. As a result of the foregoing breach, CONDO 4 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

**THIRTY-SECOND CLAIM FOR RELIEF**

BREACH OF CONTRACT AS AGAINST DEFENDANT FSNY BY CONDO 8

375. CONDO 8 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

376. At all relevant times prior to October 29, 2012, Defendant FSNY had an agreement with CONDO 8, whereby Defendant FSNY would perform certain insurance procurement services, including, but not limited to, advising and procuring proper and adequate insurance coverages, including the proper flood coverage.

377. Following the Meteorological Event known as Hurricane Sandy, CONDO 8 became aware that Defendant FSNY failed to procure, obtain, secure proper flood coverage.

378. Specifically, CONDO 8's NFIP policies' building coverage limits, placed and/or secured by Defendant FSNY through the NFIP, do not comply with the Eighty (80%) percent coinsurance provisions found in the SFIP.

379. As a result of the foregoing breach, CONDO 8 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

**THIRTY-THIRD CLAIM FOR RELIEF**

BREACH OF CONTRACT AS AGAINST DEFENDANT FSINCNY BY CONDO 4

380. CONDO 4 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

381. At all relevant times prior to October 29, 2012, Defendant FSINCNY had agreements with CONDO 4, whereby Defendant FSINCNY would perform certain insurance procurement services, including, but not limited to, advising and procuring proper and adequate insurance coverages, including the proper flood coverage.

382. Following the Meteorological Event known as Hurricane Sandy, CONDO 4 became aware that Defendant FSINCNY failed to procure, obtain, secure proper flood coverage.

383. Specifically, CONDO 4's NFIP policy's building coverage limits, placed and/or secured by Defendant FSINCNY through the NFIP, do not comply with the Eighty (80%) percent coinsurance provisions found in the SFIP.

384. As a result of the foregoing breach, CONDO 4 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

**THIRTY-FOURTH CLAIM FOR RELIEF**

BREACH OF CONTRACT AS AGAINST DEFENDANT FSINCNY BY CONDO 8

385. CONDO 8 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

386. At all relevant times prior to October 29, 2012, Defendant FSINCNY had agreements with CONDO 8, whereby Defendant FSINCNY would perform certain insurance procurement services,

including, but not limited to, advising and procuring proper and adequate insurance coverages, including the proper flood coverage.

387. Following the Meteorological Event known as Hurricane Sandy, CONDO 8 became aware that Defendant FSINCNY failed to procure, obtain, secure proper flood coverage.

388. Specifically, CONDO 8's NFIP policies' building coverage limits, placed and/or secured by Defendant FSINCNY through the NFIP, do not comply with the 80% coinsurance provisions found in the SFIP.

389. As a result of the foregoing breach, CONDO 8 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

### THIRTY-FIFTH CLAIM FOR RELIEF

BREACH OF CONTRACT AS AGAINST DEFENDANT FSLLC BY CONDO 4

390. CONDO 4 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

391. At all relevant times prior to October 29, 2012, Defendant FSLLC had an agreement with CONDO 4, whereby Defendant FSLLC would perform certain insurance procurement services, including, but not limited to, advising and procuring proper and adequate insurance coverages, including the proper flood coverage.

392. Following the Meteorological Event known as Hurricane Sandy, CONDO 4 became aware that Defendant FSLLC failed to procure, obtain, secure proper flood coverage.

393. Specifically, CONDO 4's NFIP policy's building coverage limits, placed and/or secured by Defendant FSLLC through the NFIP, do not comply with the Eighty (80%) percent coinsurance provisions found in the SFIP.

394. As a result of the foregoing breach, CONDO 4 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

**THIRTY-SIXTH CLAIM FOR RELIEF**

BREACH OF CONTRACT AS AGAINST DEFENDANT FSLLC BY CONDO 8

395. CONDO 8 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

396. At all relevant times prior to October 29, 2012, Defendant FSLLC had an agreement with CONDO 8, whereby Defendant FSLLC would perform certain insurance procurement services, including, but not limited to, advising and procuring proper and adequate insurance coverages, including the proper flood coverage.

397. Following the Meteorological Event known as Hurricane Sandy, CONDO 8 became aware that Defendant FSLLC failed to procure, obtain, secure proper flood coverage.

398. Specifically, CONDO 8's NFIP policies' building coverage limits, placed and/or secured by Defendant FSLLC through the NFIP, do not comply with the 80% coinsurance provisions found in the SFIP.

399. As a result of the foregoing breach, CONDO 8 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

**THIRTY-SEVENTH CLAIM FOR RELIEF**

BREACH OF CONTRACT AS AGAINST DEFENDANT FSLLCNY BY CONDO 4

400. CONDO 4 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

401. At all relevant times prior to October 29, 2012, Defendant FSLLCNY had an agreement with CONDO 4, whereby Defendant FSLLCNY would perform certain insurance procurement services, including, but not limited to, advising and procuring proper and adequate insurance coverages, including the proper flood coverage.

402. Following the Meteorological Event known as Hurricane Sandy, CONDO 4 became aware that Defendant FSLLCNY failed to procure, obtain, secure proper flood coverage.

403. Specifically, CONDO 4's NFIP policy's building coverage limits, placed and/or secured by Defendant FSLLCNY through the NFIP, do not comply with the Eighty (80%) percent coinsurance provisions found in the SFIP.

404. As a result of the foregoing breach, CONDO 4 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

## THIRTY-EIGHTH CLAIM FOR RELIEF

BREACH OF CONTRACT AS AGAINST DEFENDANT FSLLCNY BY CONDO 8

405. CONDO 8 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

406. At all relevant times prior to October 29, 2012, Defendant FSLLCNY had an agreement with CONDO 8, whereby Defendant FSLLCNY would perform certain insurance procurement services, including, but not limited to, advising and procuring proper and adequate insurance coverages, including the proper flood coverage.

407. Following the Meteorological Event known as Hurricane Sandy, CONDO 8 became aware that Defendant FSLLCNY failed to procure, obtain, secure proper flood coverage.

408. Specifically, CONDO 8's NFIP policies' building coverage limits, placed and/or secured by Defendant FSLLCNY through the NFIP, do not comply with the Eighty (80%) percent coinsurance provisions found in the SFIP.

409. As a result of the foregoing breach, CONDO 8 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

## **THIRTY-NINTH CLAIM FOR RELIEF**

BREACH OF CONTRACT AS AGAINST DEFENDANT GALLAGHER BY CONDO 4

410. CONDO 4 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

411. At all relevant times prior to October 29, 2012, Defendant GALLAGHER had an agreement with CONDO 4, whereby Defendant GALLAGHER would perform certain insurance procurement services, including, but not limited to, advising and procuring proper and adequate insurance coverages, including the proper flood coverage.

412. Following the Meteorological Event known as Hurricane Sandy, CONDO 4 became aware that Defendant GALLAGHER failed to procure, obtain, secure proper flood coverage.

413. Specifically, CONDO 4's NFIP policy's building coverage limits, placed and/or secured by Defendant GALLAGHER through the NFIP, do not comply with the 80% coinsurance provisions found in the SFIP.

414. As a result of the foregoing breach, CONDO 4 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

## **FORTIETH CLAIM FOR RELIEF**

<u>BREACH OF CONTRACT AS AGAINST DEFENDANT GALLAGHER BY CONDO 8</u>

415. CONDO 8 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

416. At all relevant times prior to October 29, 2012, Defendant GALLAGHER had an agreement with CONDO 8, whereby Defendant GALLAGHER would perform certain insurance procurement services, including, but not limited to, advising and procuring proper and adequate insurance coverages, including the proper flood coverage.

417. Following the Meteorological Event known as Hurricane Sandy, CONDO 8 became aware that Defendant GALLAGHER failed to procure, obtain, secure proper flood coverage.

418. Specifically, CONDO 8's NFIP policies' building coverage limits, placed and/or secured by Defendant GALLAGHER through the NFIP, do not comply with the Eighty (80%) percent coinsurance provisions found in the SFIP.

419. As a result of the foregoing breach, CONDO 8 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

## **FORTY-FIRST CLAIM FOR RELIEF**

NEGLIGENCE AS AGAINST DEFENDANT TODD, INDIVIDUALLY BY CONDO 4

420. CONDO 4 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

421. At all relevant times TODD was an insurance broker engaged in the business of insurance procurement.

422. Prior to October 29, 2012, CONDO 4 engaged the services of TODD to, inter alia, advise CONDO 4 as to its insurance needs and to obtain adequate and proper insurance coverage for its premises.

423. TODD had an obligation to have all relevant knowledge pertaining to insurance coverage for CONDO 4, including the NFIP.

424. TODD assumed the duty to advise, oversee, supervise, obtain, maintain, and to procure proper insurance coverage for CONDO 4, including proper coverage for floods through the NFIP.

425. TODD, in the performance of his duties to CONDO 4, through his agents, servants and employees, was obligated to ensure, secure, place and obtain property insurance coverage for the Subject Premises at proper levels so that, in the event of loss, CONDO 4 had sufficient coverage, less deductible, to enable it to rebuild, repair, and/or restore the Subject Premises as they existed before the loss.

426. By advising and securing an NFIP policy with insufficient building coverage limits, CONDO 4's claims for damages resulting from the Meteorological Event known as Hurricane Sandy were subject to coinsurance penalties in excess of Ninety (90%) percent.

427. Specifically, CONDO 4's SFIP policy's building coverage limits, secured by TODD through the NFIP, do not comply with the Eighty (80%) percent coinsurance provisions found in the SFIP.

428. TODD carelessly and negligently failed to oversee, supervise, advise and procure and provide CONDO 4 with adequate flood coverage under the SFIP policy.

429. On or about October 29, 2012, CONDO 4 sustained losses due to flooding, a peril covered under its NFIP policy.

430. TODD's carelessness, negligence and/or gross negligence in advising, overseeing, supervising, procuring insurance resulted in CONDO 4 having inadequate, deficient, insufficient insurance. As a result CONDO 4 has been unable to fully recover under its SFIP policy for its flood claims.

431. TODD knew or should have known of the Eighty (80%) percent coinsurance requirement under the SFIP and resulting coinsurance penalty that would result if the coinsurance requirement was not met.

432. Such carelessness, negligence and/or gross negligence has caused direct, foreseeable and proximate damages to CONDO 4.

433. As a result of the foregoing negligence and/or gross negligence, CONDO 4 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

**FORTY-SECOND CLAIM FOR RELIEF**

NEGLIGENCE AS AGAINST DEFENDANT TODD, INDIVIDUALLY BY CONDO 8

434. CONDO 8 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

435. At all relevant times TODD was an insurance broker engaged in the business of insurance procurement.

436. Prior to October 29, 2012, CONDO 8 engaged the services of TODD to, inter alia, advise CONDO 8 as to its insurance needs and to obtain adequate and proper insurance coverage for its premises.

437. TODD had an obligation to have all relevant knowledge pertaining to insurance coverage for CONDO 8, including the NFIP.

438. TODD assumed the duty to advise, oversee, supervise, obtain, maintain, and to procure proper insurance coverage for CONDO 8, including proper coverage for floods through the NFIP.

439. TODD, in the performance of his duties to CONDO 8, through his agents, servants and employees, was obligated to ensure, secure, place and obtain property insurance coverage for

the Subject Premises at proper levels so that, in the event of loss, CONDO 8 had sufficient coverage, less deductible, to enable it to rebuild, repair, and/or restore the Subject Premises as they existed before the loss.

440. By advising and securing NFIP policies with insufficient building coverage limits, CONDO 8's claims for damages resulting from the Meteorological Event known as Hurricane Sandy were subject to coinsurance penalties in excess of Ninety (90%) percent.

441. Specifically, CONDO 8's SFIP policies' building coverage limits, secured by TODD through the NFIP, do not comply with the Eighty (80%) percent coinsurance provisions found in the SFIP.

442. TODD carelessly and negligently failed to oversee, supervise, advise and procure and provide CONDO 8 with adequate flood coverage under the SFIP policies.

443. On or about October 29, 2012, CONDO 8 sustained losses due to flooding, a peril covered under its NFIP policies.

444. TODD's carelessness, negligence and/or gross negligence in advising, overseeing, supervising, procuring insurance resulted in CONDO 8 having inadequate, deficient, insufficient insurance. As a result CONDO 8 has been unable to fully recover under its SFIP policies for its flood claims.

445. TODD knew or should have known of the Eighty (80%) percent coinsurance requirement under the SFIP and resulting coinsurance penalty that would result if the coinsurance requirement was not met.

446. Such carelessness, negligence and/or gross negligence has caused direct, foreseeable and proximate damages to CONDO 8.

447. As a result of the foregoing negligence and/or gross negligence, CONDO 8 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

**FORTY-THIRD CLAIM FOR RELIEF**

BREACH OF CONTRACT AS AGAINST DEFENDANT TODD, INDIVIDUALLY BY CONDO 4

448. CONDO 4 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

449. At all relevant times prior to October 29, 2012, TODD had an agreement with CONDO 4, whereby he would perform certain insurance procurement services, including, but not limited to, advising and procuring of proper and adequate insurance coverage, including proper flood coverage.

450. Following the Meteorological Event known as Hurricane Sandy, CONDO 4 became aware that TODD failed to advise about, procure, obtain or secure proper flood coverage.

451. Specifically, CONDO 4's NFIP policy's building coverage limits, placed and/or secured by TODD through the NFIP, do not comply with the Eighty (80%) percent coinsurance provisions found in the SFIP.

452. As a result of the foregoing breach, CONDO 4 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

**FORTY-FOURTH CLAIM FOR RELIEF**

BREACH OF CONTRACT AS AGAINST DEFENDANT TODD, INDIVIDUALLY BY CONDO 8

453. CONDO 8 repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs, with the same force and effect as if more fully and completely set forth at length herein.

454. At all relevant times prior to October 29, 2012, TODD had an agreement with CONDO 8, whereby he would perform certain insurance procurement services, including, but not limited to, advising and procuring of proper and adequate insurance coverage, including proper flood coverage.

455. Following the Meteorological Event known as Hurricane Sandy, CONDO 8 became aware that TODD failed to advise about, procure, obtain or secure proper flood coverage.

456. Specifically, CONDO 8's NFIP policies' building coverage limits, placed and/or secured by TODD through the NFIP, do not comply with the Eighty (80%) percent coinsurance provisions found in the SFIP.

457. As a result of the foregoing breach, CONDO 8 has been damaged in the sum of at least One Million Dollars ($1,000,000.00).

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request a judgment against Defendants for:

A.   Damages in the amount of at least $15,000.00 under the First Claim for Relief; and

B.   Damages in the amount of at least $15,000.00 under the Second Claim for Relief; and

C. A declaratory judgment that FEMA is in breach of its policy obligations to pay the full amount due under the policy, under the Third Claim for Relief; and

D. A declaratory judgment that FEMA is in breach of its policy obligations to pay the full amount due under the policies, under the Fourth Claim for Relief; and

E. Damages in the amount of at least $1,000,000.00 under the Fifth Claim for Relief; and

F. Damages in the amount of at least $1,000,000.00 under the Sixth Claim for Relief; and

G. Damages in the amount of at least $1,000,000.00 under the Seventh Claim for Relief; and

H. Damages in the amount of at least $1,000,000.00 under the Eighth Claim for Relief; and

I. Damages in the amount of at least $1,000,000.00 under the Ninth Claim for Relief; and

J. Damages in the amount of at least $1,000,000.00 under the Tenth Claim for Relief; and

K. Damages in the amount of at least $1,000,000.00 under the Eleventh Claim for Relief; and

L. Damages in the amount of at least $1,000,000.00 under the Twelfth Claim for Relief; and

M. Damages in the amount of at least $1,000,000.00 under the Thirteenth Claim for Relief; and

N. Damages in the amount of at least $1,000,000.00 under the Fourteenth Claim for Relief; and

O. Damages in the amount of at least $1,000,000.00 under the Fifteenth Claim for Relief; and

P. Damages in the amount of at least $1,000,000.00 under the Sixteenth Claim for Relief; and

Q. Damages in the amount of at least $1,000,000.00 under the Seventeenth Claim for Relief; and

R. Damages in the amount of at least $1,000,000.00 under the Eighteenth Claim for Relief; and

S. Damages in the amount of at least $1,000,000.00 under the Nineteenth Claim for Relief; and

T. Damages in the amount of at least $1,000,000.00 under the Twentieth Claim for Relief; and

U. Damages in the amount of at least $1,000,000.00 under the Twenty-first Claim for Relief; and

V. Damages in the amount of at least $1,000,000.00 under the Twenty-Second Claim for Relief; and

W. Damages in the amount of at least $1,000,000.00 under the Twenty-Third Claim for Relief; and

X. Damages in the amount of at least $1,000,000.00 under the Twenty-Fourth Claim for Relief; and

Y. Damages in the amount of at least $1,000,000.00 under the Twenty-Fifth Claim for Relief; and

Z. Damages in the amount of at least $1,000,000.00 under the Twenty-Sixth Claim for Relief; and

AA. Damages in the amount of at least $1,000,000.00 under the Twenty-Seventh Claim for Relief; and

BB. Damages in the amount of at least $1,000,000.00 under the Twenty-Eighth Claim for Relief; and

CC. Damages in the amount of at least $1,000,000.00 under the Twenty-Ninth Claim for Relief; and

DD. Damages in the amount of at least $1,000,000.00 under the Thirtieth Claim for Relief; and

EE. Damages in the amount of at least $1,000,000.00 under the Thirty-First Claim for Relief; and

FF. Damages in the amount of at least $1,000,000.00 under the Thirty-Second Claim for Relief; and

GG. Damages in the amount of at least $1,000,000.00 under the Thirty-Third Claim for Relief; and

HH. Damages in the amount of at least $1,000,000.00 under the Thirty-Fourth Claim for Relief; and

II. Damages in the amount of at least $1,000,000.00 under the Thirty-Fifth Claim for Relief; and

JJ. Damages in the amount of at least $1,000,000.00 under the Thirty-Sixth Claim for Relief; and

KK. Damages in the amount of at least $1,000,000.00 under the Thirty-Seventh Claim for Relief; and

LL. Damages in the amount of at least $1,000,000.00 under the Thirty-Eighth Claim for Relief; and

MM. Damages in the amount of at least $1,000,000.00 under the Thirty-Ninth Claim for Relief; and

NN. Damages in the amount of at least $1,000,000.00 under the Fortieth Claim for Relief; and

OO. Damages in the amount of at least $1,000,000.00 under the Forty-First Claim for Relief; and

PP. Damages in the amount of at least $1,000,000.00 under the Forty-Second Claim for Relief; and

QQ. Damages in the amount of at least $1,000,000.00 under the Forty-Third Claim for Relief; and

RR. Damages in the amount of at least $1,000,000.00 under the Forty-Fourth Claim for Relief; and

SS. Attorneys fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and the costs and disbursements of this action; and

TT. Such additional relief as the Court may deem just and proper.

Dated:    New York, New York
          May 15, 2014


                              WILKOFSKY FRIEDMAN,
                                KAREL & CUMMINS

                    By:  _____
                          ROMAN RABINOVICH (9125)

                                  and

                          DAVID B. KAREL (4403)
                          Attorneys for Plaintiffs
                          299 Broadway - Suite 1700
                          New York, New York 10007
                          (212) 285-0510